WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Deborah Van Zaun,<br><br>    Plaintiff,<br><br>v.<br><br>John E. Potter, Postmaster General,<br><br>    Defendant. | No. CV-07-1495-PHX-SMM<br><br>**RULE 16 SCHEDULING ORDER** |

On June 17, 2008, a Preliminary Pretrial Conference was held in open Court pursuant to Rule 16(b) of the Federal Rules of Civil Procedure. Prior to the conference, the parties filed a Rule 26(f) Case Management Plan. Pursuant to the terms of the Case Management Plan, and the representations made by the parties at the Rule 16 Preliminary Pretrial Conference, all parties were ordered to comply with the deadlines established in this Order.

**IT IS HEREBY ORDERED** that the current provisions of the Federal Rules of Civil Procedure shall apply to all proceedings concerning this case.

**IT IS FURTHER ORDERED** that all Initial Disclosures as defined in Federal Rule of Civil Procedure 26(a), if not already exchanged prior to the time of this Preliminary Pretrial Conference, shall be made **no later than five (5) days** after date of entry of this Order or, in the alternative, no later than _July 18, 2008_.

1  **IT IS FURTHER ORDERED** that to satisfy the requirements of Federal Rule of Civil Procedure 26(a), the parties shall file with the Clerk of the Court a <u>Notice of Initial Disclosure</u>, rather than copies of the actual disclosures.

**IT IS FURTHER ORDERED** that any amendment to the Complaint shall be filed no later than ____N/A____. Any amendment to the Answer shall be filed no later than ____N/A____.

**IT IS FURTHER ORDERED** that the Plaintiff(s) shall disclose the identity of any person who may be used at trial to present evidence under Federal Rules of Evidence 701, 702, 703, 704, and 705 no later than __February 20, 2009__.[1] The Defendant(s) shall disclose the identity of any person who may be used at trial to present evidence under Federal Rules of Evidence 701, 702, 703, 704, or 705 no later than __April 3, 2009__. Rebuttal experts if any, shall be disclosed no later than __May 15, 2009__. No deposition of any expert witnesses shall occur before the disclosures concerning expert witnesses mandated by this Order are made.

**IT IS FURTHER ORDERED** that the disclosures of the identities of any persons who may be used at trial to present evidence under Federal Rules of Evidence 701, 702, 703, 704, or 705 shall also include all of the disclosures required by Federal Rule of Civil Procedure 26(a)(2)(B) if the witness is either (1) retained or specifically employed to provide expert testimony in the case, or (2) is an agent or employee of the party offering the testimony whose duties regularly involve giving expert testimony.

**IT IS FURTHER ORDERED** that all discovery, including depositions of parties, witnesses, and experts, answers to interrogatories, and supplements to interrogatories must be completed by __August 28, 2009__. In no event, however, shall this provision alter the duties and obligations imposed upon the parties by Federal Rule of Civil Procedure 26(e). This Order contemplates that each party will

---

[1] The parties are hereby given notice that this Order requires disclosure greater than that required by Federal Rule of Civil Procedure 26(a)(2).

1   conduct discovery in such a manner as to complete, within the deadline, any and all
2   discovery. "Last minute" or "eleventh hour" discovery which results in insufficient time to
3   undertake additional discovery and which requires an extension of the discovery deadline
4   will be met with disfavor, and could result in denial of an extension, exclusion of evidence,
5   or the imposition of other sanctions.

   **IT IS FURTHER ORDERED** that depositions shall be limited as provided by Rules
7   30 and 31 of the Federal Rules of Civil Procedure unless the parties otherwise stipulate in
8   writing when permitted to do so pursuant to the Rules or when granted permission to depart
9   from the provisions of the Rules by Order of this Court. Notwithstanding any provision in
10  the Federal Rules of Civil Procedure or the Local Rules, the parties shall conduct no more
11  than ____12____ depositions.

   **IT IS FURTHER ORDERED** pursuant to Federal Rule of Civil Procedure 30(d)(2)
13  that there shall be a time limit of ____4____ hours[2] to conduct a deposition of any witness
14  in this case _except for plaintiff and 3 defense witnesses are limited to 7 hours_. Additional time shall be allowed where the deponent or a party impedes or
15  delays the examination. This time limit may only be extended by Order of this Court upon
16  motion of any party that demonstrates good cause for doing so. Counsel shall conduct
17  themselves courteously and professionally, especially during the taking of depositions. Any
18  objections made during the course of a deposition must be in accordance with Rule 26(d)(1)
19  of the Federal Rules of Civil Procedure.

   **IT IS FURTHER ORDERED** that notwithstanding any provisions of the Federal
21  Rules of Civil Procedure or any other provisions of this Order, non-party witnesses shall <u>not</u>
22  be permitted to attend, either physically, electronically, or otherwise, the deposition of any
23  other witness in this case without an Order of this Court to the contrary.

   **IT IS FURTHER ORDERED** that discovery by interrogatory shall generally be
25  governed by Federal Rule of Civil Procedure 33. However, notwithstanding Federal Rule

---

[2]   The Court finds that a presumptive limit of four (4) hours is sufficient for depositions in a standard track civil case.

1  of Civil Procedure 33, there is a limit of ___30___ interrogatories, including discrete
2  subparts, applicable to this case.

3      **IT IS FURTHER ORDERED** that requests for admissions shall be governed by
4  Federal Rule of Civil Procedure 36.  The parties shall serve no more than ___30___
5  requests for admissions.

6      **IT IS FURTHER ORDERED** reminding counsel of their duty under Rule 26(e) of
7  the Federal Rules of Civil Procedure to supplement all Rule 26(a) disclosures and responses
8  to discovery requests.  Pursuant to Rule 26(e)(1), any additions or other changes to
9  information previously disclosed must be made prior to the time that Rule 26(a)(3) Pretrial
10 Disclosures are due.  Since this Court effectively requires all Rule 26(a)(3) Pretrial
11 Disclosures to be contained in the Proposed Final Pretrial Order, this Order contemplates that
12 all exhibits and witnesses that may be offered at trial will have been disclosed before the
13 close of discovery as established by the provisions of this Order.  This Order therefore
14 supersedes the "thirty-day before trial" disclosure deadline contained in that Rule. Therefore
15 (1) failure to have timely supplemented a Rule 26(a) disclosure, including but not limited to
16 witnesses and exhibits, or (2) a failure to have timely supplemented responses to any valid
17 discovery requests, or (3) attempting to include any witnesses or exhibits in the Proposed
18 Final Pretrial Order that were not previously disclosed in a timely manner as to allow for
19 meaningful discovery prior to the discovery cutoff date as established by this Order, may
20 result in the exclusion of such evidence at trial or the imposition of other sanctions.

21     **IT IS FURTHER ORDERED** that, <u>**in the event of a discovery dispute, the parties**</u>
22 <u>**shall contact the Court to request a telephonic conference prior to filing any discovery**</u>
23 <u>**motions.**</u>  The parties shall not contact the Court regarding a discovery dispute unless they
24 have been unable to resolve the dispute themselves, despite personal consultation and sincere
25 efforts to do so. The parties shall not file any written materials related to a discovery dispute
26 or discovery motion without express leave of Court.  If the Court does order written
27 submissions, the movant shall include a statement certifying that counsel could not
28

1   satisfactorily resolve the matter despite personal consultation and sincere efforts to do so, in
2   accordance with LRCiv 7.2(j) of the Rules of Practice of the United States District Court for
3   the District of Arizona.

4         **IT IS FURTHER ORDERED** that all dispositive motions shall be filed no later than
5   _September 25, 2009_.  Such motions must be, in all respects, in full
6   compliance with the Rules of Practice of the United States District Court for the District of
7   Arizona.

8         **IT IS FURTHER ORDERED** that no submissions to the Court shall contain any
9   footnotes in excess of five (5) lines.

10        **IT IS FURTHER ORDERED** that all parties are hereby specifically admonished that
11  failure to respond to a motion by serving and filing an answering memorandum within the
12  time period expressly provided for in LRCiv 7.2 of the Rules of Practice of the United States
13  District Court for the District of Arizona may be deemed a consent to the denial or granting
14  of the motion and the Court may then dispose of the motion summarily.

15        **IT IS FURTHER ORDERED** that the parties shall not notice oral argument on any
16  motion.  Instead, a party desiring oral argument on a motion shall request argument by
17  placing "Oral Argument Requested" immediately below the title of such motion, pursuant
18  to LRCiv 7.2(f) of the Rules of Practice of the United States District Court for the District
19  of Arizona.  The Court will then issue a minute order scheduling the oral argument.

20        Oral argument shall be scheduled at the request of a party on all motions to dismiss
21  and motions for summary judgment.  On all other motions on which a party requests oral
22  argument, the Court will determine whether oral argument is necessary. FURTHER, THE
23  PARTIES ARE REMINDED THAT OBTAINING A HEARING DATE IS PURELY
24  ADMINISTERIAL. ACCORDINGLY, REGARDLESS OF A HEARING DATE, THE
25  COURT MAY, AT ANY TIME AFTER THE MOTION IS FULLY BRIEFED,
26  DETERMINE THAT A HEARING IS UNWARRANTED AND RULE ON THE MOTION
27  WITHOUT ORAL ARGUMENT.
28

1     **IT IS FURTHER ORDERED** that any and all motions, requests, or stipulations for extensions of time shall be made in accordance with the provisions of LRCiv 7.3 of the Rules of Practice of the United States District Court for the District of Arizona. Notwithstanding this directive, however, if such a motion, request, or stipulation seeks an extension of time in which to file a memorandum in response or in reply to a motion previously noticed for oral argument, under no circumstances shall such a motion, request, or stipulation seek an extension that would preclude the Court from having at least thirty (30) days from the due date for the filing of the reply memorandum to consider the merits of the underlying motion unless the motion, request, or stipulation also seeks to vacate and reschedule the oral argument. Any motion, request, or stipulation that so seeks both an extension of time and rescheduling of a hearing shall contain a memorandum of points and authorities which demonstrates good cause for the Court to grant the requested extension.

    **IT IS FURTHER ORDERED** that, if no dispositive motions are pending before the Court after the dispositive motions deadline has passed, Plaintiff(s) shall file a Notice of Readiness for Order Re: Final Pretrial Conference within ten (10) days of the dispositive motions deadline.

    **IT IS FURTHER ORDERED** that, if dispositive motions are pending before the Court following the dispositive motions deadline, the Court will issue an Order Re: Final Pretrial Conference following its resolution of the dispositive motions, if necessary.

    **IT IS FURTHER ORDERED** that the Order Re: Final Pretrial Conference shall: 1) set deadlines for the filing of and response to motions in limine; 2) instruct the parties on their duties in preparing for the Final Pretrial Conference and for trial; and 3) include a form for the completion of the parties' Proposed Pretrial Form of Order.

    **IT IS ORDERED** that the attorneys for each party <u>who will be responsible for trial of the lawsuit</u> shall **APPEAR** and **PARTICIPATE** in a Final Pretrial Conference on _October 28, 2009_ at _4:00_, p.m. in courtroom # 605 on the sixth floor of the United States Courthouse, 401 West Washington

1  Street, Phoenix, Arizona. Because the Final Pretrial Conference is held for the benefit of all
2  parties, and further because the presence of all parties will facilitate frank discussion of the
3  pertinent issues in the lawsuit, **each party, or a representative with binding settlement**
4  **authority if the party is an entity**, shall attend the Final Pretrial Conference. At the Final
5  Pretrial Conference, the Court shall set a firm trial date.

6       **IT IS FURTHER ORDERED** that the parties shall keep the Court informed
7  regarding the possibility of settlement and should settlement be reached, the parties shall file
8  a Notice of Settlement with the Clerk of the Court.

9       **IT IS FURTHER ORDERED** that this Court views compliance with the provisions
10 of this Order as critical to its case management responsibilities and the responsibilities of the
11 parties under Rule 16 of the Federal Rules of Civil Procedure.

13      DATED this 17th day of June, 2008.

*/s/ Stephen M. McNamee*
Stephen M. McNamee
United States District Judge